Filed 6/16/21  P. v. Gibson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KRISTEN GIBSON,<br><br>    Defendant and Appellant. | C091272<br><br>(Super. Ct. No. 08F09953) |

In 2008, the trial court (Kenny, J.) found defendant Kristen Gibson guilty of first degree murder and child assault homicide.  (Pen. Code, §§ 187, 273ab.)[1]  We affirmed the resulting conviction in 2014.  (*People v. Gibson* (May 20, 2014, C070109) [nonpub.

---

[1] Undesignated statutory references are to the Penal Code.

1

opn.].)[2] In doing so, we concluded that substantial evidence supported the trial court's finding that defendant acted with deliberation and premeditation in the intentional killing of her newborn baby. (*Ibid.*)

There seems to be no dispute that defendant did indeed kill her baby by giving birth while sitting on the toilet and then remaining seated until the baby drowned. In fact, defendant did not claim in her form petition that she was *not* the actual killer, nor does she now dispute that she *was* the actual killer of the newborn.

In February 2019, defendant filed a petition for resentencing under newly enacted section 1170.95. The trial court (Kenny, J.) appointed counsel, considered briefing from both parties, and found defendant ineligible for relief in a written order that was entered without holding a hearing. Defendant timely appealed, contending the court failed to follow section 1170.95's procedural requirements and erred by relying on our prior opinion in this case.

Because defendant is ineligible for relief as a matter of law, we need not reach defendant's contentions. We affirm the trial court's order.

FACTUAL BACKGROUND

In July 2008 defendant gave birth to a baby in the bathroom. The father heard a loud bang and went to the bathroom to check on her. Defendant remained sitting on the toilet, and the father eventually called 911. When paramedics arrived and removed defendant, they saw a baby in the toilet. By that time, the baby had been in the toilet for at least 15 to 20 minutes. The umbilical cord had been cut or torn. The baby had been

---

[2] On our own motion, we take judicial notice of our opinion affirming the judgment of conviction and sentence on direct appeal. (Evid. Code, §§ 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

born alive but had swallowed fluid in the toilet; the cause of death was drowning. (*People v. Gibson, supra,* C070109 slip opn. at pp. 2-6.)

LEGAL BACKGROUND

*Senate Bill No. 1437 and Section 1170.95*

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.). Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189 and added section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The new section 1170.95 permits those convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to

3

vacate their conviction and to be resentenced on any remaining counts where: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a).)

The petition filed under section 1170.95 must include the following: "(b)(1)(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel."

Once a complete petition is filed, section 1170.95, subdivision (c) sets out the trial court's responsibilities: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

PROCEDURAL BACKGROUND

*Defendant's Petition to Vacate Conviction*

In February 2019 defendant filed a petition to vacate her conviction pursuant to section 1170.95 and attached a form declaration. As relevant here, defendant checked boxes declaring that: the prosecution proceeded under a theory of felony murder or murder under the natural and probable consequences doctrine; she was convicted of first

4

degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine; she could not now be convicted of 1st or 2nd degree murder under the changes to sections 188 and 189, and she did not act with intent to kill. The box declaring that defendant was *not* the actual killer was left unchecked.

*Trial Court Order*

The trial court appointed counsel, considered briefing from both parties, and found defendant ineligible for relief in a written order, entered without holding a hearing. The court (the same trial judge who found defendant guilty in 2008) quoted the factual background from our prior opinion and noted our conclusion that: "the facts of this case amounted to first degree murder, . . . the evidence supports the finding that defendant acted with the explicit intent to kill, with premeditation and deliberation." The court concluded defendant failed to make a prima facie showing that she was entitled to relief under section 1170.95.

DISCUSSION

As we have set forth above, defendant does not dispute that she was the actual killer in this case, and this court affirmed the trial court's verdict that defendant acted with express malice in committing the deliberate and premeditated murder of her newborn baby. Although defendant had checked boxes on her form declaration that indicated she did not have an intent to kill, among other unsupported claims, the trier of fact found that she *did* have that intent and this finding and corresponding verdict was upheld on appeal.

Because defendant was the actual killer and was found by the trier of fact to have acted with express malice, she is ineligible for resentencing under section 1170.95 as a matter of law. It is of no moment whether the trial court's consideration of our appellate opinion versus its own recollection or even a portion of its own record that merely confirmed defendant's crime of conviction served as the basis for its denial of defendant's petition; the denial was the only correct outcome. Defendant simply does not

5

come within the provisions of the statute.  She does not "meet the statutory prerequisites for even filing a section 1170.95 petition . . . .  Accordingly, the superior court's summary denial was appropriate on this ground alone."  (*People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 8, 2020, S262481.)

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

/s/

Duarte, J.

We concur:

/s/

Murray, Acting P. J.

/s/

Krause, J.